IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
|  | : |  |
| **UNITED STATES OF AMERICA,** | : | CIVIL ACTION |
| **Plaintiff,** | : |  |
| v. | : |  |
|  | : | No. 16-1181 |
| **ANGELA G. LAURIA,** | : |  |
| **Defendant.** | : |  |
|  | : |  |
|  | : |  |

# O R D E R

**AND NOW,** this 15th day of September, 2016, upon consideration of Plaintiff's Motion for Default Judgment (Doc. No. 6), I make the following findings:

1.  The Complaint in the above-captioned case was filed on March 14, 2016, and served upon Defendant on June 27, 2016.  (See Doc. Nos. 1 & 4.)

2.  Federal Rule of Civil Procedure 12(a)(1) required Defendant to file an answer with the Court within twenty-one days thereafter, *i.e.*, July 19, 2016.  Defendant has not responded to the Complaint, and counsel has not entered an appearance on

Defendant's behalf.  Further, Defendant has not sought additional time within which to respond.

3.     On July 26, 2016, Plaintiff requested that the Clerk of Court enter a default against Defendant pursuant to the Federal Rules of Civil Procedure for failure to appear, plead, or otherwise defend.  (See Doc. No. 5.)

4.     On that same day, July 26, 2016, the Clerk of Court entered such a default.

5.     On July 26, 2016, Plaintiff filed its Motion for Default Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure.  (See Doc. No. 6.)

6.     On July 27, 2016, I ordered Defendant to show cause on or before September 8, 2016, as to why the court should not grant the relief sought in Plaintiff's Motion for Entry of Default Judgment.  (See Doc. No. 9.)

7.     As of the date of this Order, Defendant has not responded to the Order to Show Cause, nor has Defendant filed a response to any of Plaintiff's filings.

8.     Plaintiff will be prejudiced if the default judgment is denied because it will have no other way to vindicate its claims against Defendant.  It can be inferred from the lack of response from Defendant that it has no litigable defense to Plaintiff's claims.  Similarly, it is reasonable to conclude that Defendant's failure to respond to any of these filings is due to culpable conduct, as the docket indicates it was properly served.  See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

9.     After a review of the Complaint, I am satisfied that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345, which grants district courts original jurisdiction over "all civil actions, suits or proceedings commenced by the United States,

or by any agency or officer thereof expressly authorized to sue by Act of Congress."[1] 28 U.S.C.A. § 1345.

10.     Based upon the allegations set forth in the Complaint, which have been treated as admissions of fact by default, Plaintiff has established that Defendant is in default of her Note and Mortgage.

Accordingly, **IT IS HEREBY ORDERED** that:

1.     Plaintiff's Motion for Default Judgment is **GRANTED**.

2.     Judgment is entered on behalf of Plaintiff, the United States of America, and against Defendant, Angela G. Lauria, as follows:

   a.     Judgement is entered in favor of Plaintiff in the amount of $194,758.92.

   b.     The promissory note and mortgage between Plaintiff and Defendant are foreclosed as to the property located at 53 Medinah Drive Reading, PA, 19607 (the "Property").  In accordance with the provisions of the National Housing Act, there is no right of redemption in the mortgagor or any other person.  See 12 U.S.C. § 1701(k); U.S. v. Forest Glen Senior, 278 F. Supp. 343, 343 (D. Or. 1967).

   c.     That the Property shall be sold according to the following:

---

[1] This Court has jurisdiction over cases involving the foreclosure of mortgages issued pursuant to the National Housing Act.  See United States v. Black, 622 F. Supp. 669, 673 (W.D. Pa. 1985) (citing United States v. Stadium Apts., Inc., 425 F.2d 358 (9th Cir. 1979), cert. denied, 400 U.S. 926 (1970)); see also United States v. Kimbell Foods, Inc., 440 U.S. 715, 726 (1979) ("Since the agencies derive their authority to effectuate loan transactions from specific Acts of Congress passed in the exercise of a 'constitutional function or power,' their transactions from specific Acts of Congress passed in the exercise of a 'constitutional function or power,' their rights, as well, should derive from a federal source.") (citation omitted); United States v. Spears, 859 F.2d 284, 291 (3d Cir. 1988); United States v. Stohr, No. Civ.A. 92–2981, 1993 WL 44238, at *2 (E.D. Pa. Feb. 22, 1993).

      i. The United States Marshal for the Eastern District of Pennsylvania is directed to sell the Property for cash to the highest bidder at a public, judicial sale pursuant to 28 U.S.C. § 2001.  Notice must be given, in accordance with 28 U.S.C. § 2002, once a week for four consecutive weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state, and judicial district where the Property is situated.  To reduce the costs and expense of the sale, Plaintiff may advertise a short description of the Property rather than a complete legal description

      ii. Ten percent (10%) of the highest bid must be deposited in certified check or cashier's check with the United States Marshal by the bidder immediately upon the Property being struck down to the bidder.  The balance of the purchase money must be paid in certified or cashier's check by the highest bidder to the Marshal within ten (10) days after the sale is confirmed by the Court, without demand for the same being made by the Marshal.  It is the highest bidder's responsibility to ascertain the date of confirmation.  If the highest bidder fails to settle, all their rights in the real estate shall cease and be completely void and the Property may be re-advertised and sold by the Marshal without further order of the Court at the risk of the defaulting bidder whose deposit shall be forfeited; and in case of a deficiency on such resale, they shall make good the same to the person thereby injured.  The highest bidder shall take the Property subject to and is to pay all state and local taxes, water rents or charges, sewer rents or charges, and municipal claims, and any other claims, charges, and liens against the Property which are not divested by the Marshal's sale, and shall pay all state, local,

and federal transfer taxes and stamps. If Plaintiff is not the successful bidder, Plaintiff will automatically be registered as the second highest bidder at the judgment amount and may proceed to make settlement with the Marshal in the event of default by the highest bidder.

     iii. Plaintiff, the United States of America, or its nominee is granted right of entry at reasonable times to the Property for purposes of pre-sale inspection and Marshal's sale with the right to inspect the house, the books, records and accounts, all other items, things, and information necessary for the inspection, advertisement, and sale of the Property.

     iv. Motion for Confirmation of the public sale shall be made by the Marshal or Plaintiff to the Court thirty (30) days after the date of sale.

  d. Upon confirmation of the sale, the Marshal shall hold the proceeds of the sale, after costs and expenses of the sale, pending distribution pursuant of further Order of this Court.

  e. Plaintiff shall be paid the amount adjudged due pursuant to the distribution of the proceeds of the sale.

  f. A true copy of this Order and decree shall be delivered to the United States Marshal by the Clerk.

g. Jurisdiction is retained over this matter for the granting of such orders and decrees as the circumstances may require.

The Clerk of Court is directed to mark this case **CLOSED** for all purposes.

BY THE COURT:

*/s/ Lawrence F. Stengel*
LAWRENCE F. STENGEL, J.